IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGHTER SKY PRODUCTIONS, LLC, DAN TRAMON, DIANA BELKOWSKI, and CARL ANTHONY TRAMON, <br><br> Plaintiffs, <br><br> vs. <br><br> MARRIOTT INTERNATIONAL, INC.; DTRS LINCOLNSHIRE, LLC; MARRIOTT HOTEL SERVICES, INC.; STRATEGIC HOTELS & RESORTS, LLC; OLD GLOBE THEATER; RFMBG LINCOLNSHIRE, LLC; LA-RFMBG LINCOLNSHIRE, LLC; MICHAEL MAHLER; AARON THIELEN; and TERRY JAMES, <br><br> Defendants. | CASE NO. 18-CV-6723-CN <br><br> JUDGE CHARLES R. NORGLE, SR. |

## DEFENDANTS' MOTION TO DISMISS

Defendants Marriott International, Inc., DTRS Lincolnshire, LLC, Marriott Hotel Services, Inc., Strategic Hotels & Resorts LLC, Michael Mahler, Aaron Thielen, and Terry James (collectively, "Defendants")[1] respectfully move this Court to dismiss Counts I through IX of the Amended Complaint (the "Complaint") filed by Plaintiffs Brighter Sky Productions, LLC, Dan Tramon, Diana Belkowski, and Carl Anthony Tramon (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore dismiss the action in its entirety.

In support of this motion, Defendants incorporate the accompanying memorandum of law and state as follows:

1. Plaintiffs' Complaint purports to assert claims for direct copyright infringement

---

[1] The three remaining named Defendants in this case – the Old Globe Theater, RFMBG Lincolnshire, LLC, and LA-RFMGB Lincolnshire, LLC – do not appear to have been served and are not represented by the undersigned counsel.

(Count I), contributory copyright infringement (Count II), Lanham Act violations (Counts III – IV), common law trademark infringement (Count V), violations of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA") (Count VI), tortious interference with prospective business or economic advantage (Count VII), unjust enrichment (Count VIII), and civil conspiracy (Count IX). Plaintiffs' Complaint is subject to dismissal in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because all claims fail to state a claim upon which relief may be granted.

2. Plaintiffs' copyright infringement claims (Count I – II) fail to state a claim because Plaintiffs have not identified any protectable expression original to their work that they allege to have been copied by Defendants.

3. Plaintiffs' Lanham Act claims (Counts III – IV) fail because Plaintiffs have not plausibly alleged that they own any protectable trademarks or that Defendants' allegedly infringing materials created any likelihood of confusion.

4. Plaintiffs' common law trademark infringement claims (Count V) and UDTPA claim (Count VI) likewise fail because they are based on the same alleged conduct as their Lanham Act claims and thus must rise or fall based on those claims.

5. Plaintiffs' claim for intentional interference with prospective business or economic advantage (Count VII) fails because Plaintiffs have not alleged facts sufficient to show (i) that Defendants knew of Plaintiffs' purported expectation of business relationships with investors and performance venues, or (ii) that Defendants intentionally directed any conduct toward any third party that was in a prospective business relationship with Plaintiffs.

6. Plaintiffs' claim for unjust enrichment (Count VIII) fails because unjust enrichment is not a standalone cause of action under Illinois law.

7.      Plaintiffs' claim for civil conspiracy (Count IX) fails because Plaintiffs have not alleged facts from which the key element of a conspiracy, the existence of an agreement among the Defendants, could be inferred.

8.      Plaintiffs fail to state any claim against the corporate entity Defendants.  The direct claims against those Defendants fail because the Complaint does not allege any facts establishing that any entity Defendant had any direct involvement in the alleged copying of Plaintiffs' play, the alleged use of Plaintiffs' trademarks, or the alleged interference with Plaintiffs' prospective economic advantage.  The contributory copyright infringement claim fails for the additional reason that the Complaint does not allege any facts showing that any of these Defendants knew about the alleged infringement.  The conspiracy claim fails for the additional reason that the Complaint fails to allege facts warranting an inference that any of these Defendants was a member of the alleged conspiracy.

THEREFORE, Defendants respectfully request that the Court dismiss Counts I – IX of the Complaint, and thus the action in its entirety, pursuant to Rule 12(b)(6).

Dated: September 11, 2019          Respectfully submitted,

         By: */s/ Andrew H. Bart*
             Andrew H. Bart (admitted *pro hac vice*)
             JENNER & BLOCK LLP
             919 Third Avenue
             New York, NY 10022
             (212) 891-1645
             abart@jenner.com

             Andrew J. Thomas (admitted *pro hac vice*)
             JENNER & BLOCK LLP
             533 W. 5th St., Ste. 3600
             Los Angeles, CA 90071
             (213) 239-5155
             ajthomas@jenner.com

             Ashley M. Schumacher
             JENNER & BLOCK LLP
             353 N. Clark Street
             Chicago, IL 60654-3456
             (312) 222-9350
             aschumacher@jenner.com

             *Attorneys for Defendants Strategic Hotels & Resorts LLC, DTRS Lincolnshire, LLC, Marriott International, Inc., Marriott Hotel Services, Inc., Michael Mahler, Aaron Thielen, and Terry James*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record in this case, hereby certifies that on September 11, 2019, a true and correct copy of the foregoing **Defendants' Motion to Dismiss** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Respectfully submitted,

Dated: September 11, 2019

By: */s/ Ashley M. Schumacher*
Ashley M. Schumacher
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
aschumacher@jenner.com

*Attorney for Defendants Strategic Hotels & Resorts LLC, DTRS Lincolnshire, LLC, Marriott International, Inc., Marriott Hotel Services, Inc., Michael Mahler, Aaron Thielen, and Terry James*

5