IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGHTER SKY PRODUCTIONS, LLC, DAN TRAMON, DIANA BELKOWSKI, and CARL ANTHONY TRAMON,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.; DTRS LINCOLNSHIRE, LLC; MARRIOTT HOTEL SERVICES, INC.; STRATEGIC HOTELS & RESORTS, LLC; OLD GLOBE THEATER; RFMBG LINCOLNSHIRE, LLC; LA-RFMBG LINCOLNSHIRE, LLC; MICHAEL MAHLER; AARON THIELEN; and TERRY JAMES,<br><br>Defendants. | CASE NO. 18-CV-6723<br><br>JUDGE CHARLES R. NORGLE, SR. |

**DEFENDANTS MARRIOTT INTERNATIONAL, INC., DTRS LINCOLNSHIRE, LLC, AND STRATEGIC HOTELS & RESORTS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendants Marriott International, Inc. ("Marriott International"), DTRS Lincolnshire, LLC ("DTRS Lincolnshire"), and Strategic Hotels & Resorts, LLC ("Strategic") (collectively, "Entity Defendants"), by and through their attorneys, hereby answer Plaintiffs' Amended Complaint (the "Complaint") and state as follows:

**NATURE OF THE CASE[1]**

1. Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants deny that they took any unlawful actions to infringe Plaintiffs' intellectual property rights, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint

---

[1] The headings and subheadings in the Complaint do not require a response. Their reproduction in this Answer is solely for convenience and should not be taken as an admission of any fact asserted in any heading or subheading.

and, on that basis, deny such allegations.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants deny the allegations in Paragraph 2 of the Complaint insofar as they relate to Entity Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and, on that basis, deny such allegations.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants deny the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants state that they do not contest the Court's subject-matter jurisdiction at this time.

5. Paragraph 5 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants state that they do not contest the Court's subject-matter jurisdiction at this time.

6. Paragraph 6 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants state that they do not contest the Court's subject-matter jurisdiction at this time.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants state that they do not contest the Court's subject-matter jurisdiction at this time.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants state that they do not contest the Court's personal jurisdiction over them.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants state that they do not contest that venue is proper in this District.

## THE PARTIES

**A. Plaintiffs**

10. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, deny such allegations.

11. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, deny such allegations.

12. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, deny such allegations.

13. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, deny such allegations.

**B. Defendants**

14. Marriott International admits the allegations in the first sentence of Paragraph 14 of the Complaint. Marriott International and DTRS Lincolnshire admit that Marriott Hotel Services, Inc. managed the Lincolnshire Resort during the year 2015. Except as so admitted, Marriott International and DTRS Lincolnshire lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, deny such allegations. Strategic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies such allegations.

15. Marriott International admits the allegations in Paragraph 15 of the Complaint. DTRS Lincolnshire and Strategic lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and, on that basis, deny such allegations.

16. DTRS Lincolnshire and Strategic admit that DTRS Lincolnshire is a limited liability

3

company organized under the laws of Delaware, and except as so admitted deny the allegations in the first sentence of Paragraph 16 of the Complaint. DTRS Lincolnshire admits that it was the operating lessee of the Lincolnshire Resort and Marriott Theatre until January 2016, and except as so admitted denies the allegations in the second sentence of Paragraph 16 of the Complaint. Strategic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 16 of the Complaint and, on that basis, denies such allegations. Marriott International lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies such allegations.

17. DTRS Lincolnshire and Strategic admit that Strategic is a limited liability company organized under the laws of Delaware, also registered in Illinois, with a principal place of business located at 150 N Riverside Plaza, Suite 4100, Chicago, IL 60606. Except as so admitted, DTRS Lincolnshire and Strategic deny the allegations in Paragraph 17 of the Complaint. Marriott International lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies such allegations.

18. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, deny such allegations.

19. DTRS Lincolnshire and Strategic admit that RFMBG Lincolnshire, LLC did not own the Lincolnshire Resort during the development and performance of the October Sky Musical at the Marriott Theatre. Except as so admitted, Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, deny such allegations.

20. DTRS Lincolnshire and Strategic admit that LA-RFMBG Lincolnshire, LLC did not own the Lincolnshire Resort during the development and performance of the October Sky Musical at the Marriott Theatre. Except as so admitted, Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on

that basis, deny such allegations.

21. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, deny such allegations.

22. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, deny such allegations.

23. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, deny such allegations.

## BACKGROUND ON PLAINTIFFS

24. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, deny such allegations.

25. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, deny such allegations.

26. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, deny such allegations.

27. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, deny such allegations.

## BACKGROUND ON HOMER HICKAM AND UNIVERSAL

28. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, deny such allegations.

## THE ROCKET BOYS MUSICAL

29. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, deny such allegations.

30. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, deny such allegations.

31. Entity Defendants assert that the Amended Universal Agreement is the best evidence

of its terms. To the extent a response is required, Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, deny such allegations.

32. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, deny such allegations.

33. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, deny such allegations.

34. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, including each of its subparts, and, on that basis, deny such allegations.

35. Entity Defendants deny that any actions of Entity Defendants caused any performances of the Rocket Boys Musical not to come to fruition. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and, on that basis, deny such allegations.

36. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, deny such allegations.

37. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, including each of its subparts and, on that basis, deny such allegations.

38. Entity Defendants assert that the settlement agreement between Hickam and Universal is the best evidence of its terms. To the extent a response is required, Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, deny such allegations.

39. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, deny such allegations.

**THE OCTOBER SKY MUSICAL**

40. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, on that basis, deny such allegations.

41. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, deny such allegations.

42. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, on that basis, deny such allegations.

43. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, on that basis, deny such allegations.

**PLAINTIFFS' INTELLECTUAL PROPERTY AND
PROPRIETARY RIGHTS TO THE ROCKET BOYS MUSICAL**

44. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, on that basis, deny such allegations.

45. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, on that basis, deny such allegations.

46. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, deny such allegations.

47. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on that basis, deny such allegations.

48. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on that basis, deny such allegations. To the extent Paragraph 48 purports to quote or characterize the contents of a Certificate of Registration, that Certificate itself is the best evidence of its terms, and accordingly no further response is required.

49. Entity Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 49 of the Complaint and, on that basis, deny such allegations. To the extent Paragraph 49 purports to quote or characterize the contents of a copyright application, that application itself is the best evidence of its terms. Accordingly, no further response is required.

[50-57.] Paragraphs 50 through 57 of the Complaint relate specifically to claims that were dismissed by the Court in its Order of November 13, 2020. Accordingly, no response is required.

58. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, on that basis, deny such allegations.

### DEFENDANTS' WRONGFUL ACTS, INJURY TO PLAINTIFFS AND UNJUST ENRICHMENT OF DEFENDANTS

59. Entity Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Entity Defendants admit that they neither sought nor obtained permission from Plaintiffs and have not paid Plaintiffs consideration or accounted financially to them, because no such permission, consideration, or accounting was required, and deny all remaining allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Entity Defendants deny the allegations in Paragraph 61 of the Complaint.

**A.      Access to the Rocket Boys Musical**

62. Entity Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Entity Defendants deny having had access to Plaintiffs' intellectual property and deny having attended any performance of the Rocket Boys Musical. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint and, on that basis, deny such allegations.

**B.      Copyrights**

8

64. Entity Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Entity Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains Plaintiffs' characterizations of the Book and the scripts of the two musicals, each of which is the best evidence of its own content. To the extent a response is required, Entity Defendants deny the allegations of Paragraph 66 of the Complaint and further deny that Plaintiffs' "statistical" claims have any validity.

67. Paragraph 67 of the Complaint contains Plaintiffs' characterizations of two musicals, each of which is the best evidence of its own content. To the extent a response is required, Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and, on that basis, deny such allegations.

68. Paragraph 68 of the Complaint contains Plaintiffs' characterizations of two musicals, each of which is the best evidence of its own content. To the extent a response is required, Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and, on that basis, deny such allegations.

69. Entity Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains Plaintiffs' characterizations of two musicals, each of which is the best evidence of its own content. To the extent a response is required, Entity Defendants deny the allegations in Paragraph 70 of the Complaint and further deny that Plaintiffs' "statistical" claims have any validity.

71. Entity Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and, on that basis, deny such allegations.

73. Entity Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and, on that basis, deny such allegations.

**C.** **Trademarks**

[75-79.] Paragraphs 75 through 79 of the Complaint relate specifically to claims that were dismissed by the Court in its Order of November 13, 2020. Accordingly, no response is required.

**D.** **Tortious Interference**

80. Entity Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Entity Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Entity Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Entity Defendants deny the allegations in Paragraph 83 of the Complaint.

**E.** **Damages**

84. Entity Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Entity Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Entity Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Entity Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Entity Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Entity Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Entity Defendants deny the allegations in Paragraph 90 of the Complaint.

**COUNT I**
**Federal Copyright Infringement Under the**
**Copyright Act (17 U.S.C. §§ 501(a) and 106)**
**Asserted by Plaintiffs Against All Defendants**

91. In response to Paragraph 91 of the Complaint, Entity Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

92. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and, on that basis, deny such allegations.

93. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and, on that basis, deny such allegations.

94. Entity Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Entity Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Entity Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Entity Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Entity Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Entity Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Entity Defendants deny the allegations in Paragraph 100 of the Complaint.

## COUNT II
### Contributory Copyright Infringement Under the Copyright Act (17 U.S.C. §§ 501(a) and 106)
### Asserted by Plaintiffs Against the Entity Defendants

101. In response to Paragraph 101 of the Complaint, Entity Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

102. Entity Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Entity Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Entity Defendants deny the allegations in Paragraph 104 of the Complaint.

## COUNT III
### Federal Infringement of an Unregistered Trademark, False Designation of Origin, False or Misleading Description of Fact, and False or Misleading Representation of Fact Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1),
### Asserted by Plaintiffs Against all Defendants

[105-115.] Paragraphs 105 through 115 of the Complaint relate specifically to claims that were dismissed by the Court in its Order of November 13, 2020. Accordingly, no response is required.

## COUNT IV

**Violation of Section 43(a) of the Lanham Act 15 U.S.C. § 1125(a)**
**Asserted by Plaintiffs Against all Defendants**

[116-125.]  Paragraphs 116 through 125 of the Complaint relate specifically to claims that were dismissed by the Court in its Order of November 13, 2020. Accordingly, no response is required.

**COUNT V**
**Common Law Trademark Infringement**
**Asserted by Plaintiffs Against All Defendants**

[126-129.]  Paragraphs 126 through 129 of the Complaint relate specifically to claims that were dismissed by the Court in its Order of November 13, 2020. Accordingly, no response is required.

**COUNT VI**
**Unfair Competition Under the Illinois Uniform**
**Deceptive Practices Act, 815 ILCS 510/2**
**Asserted by All Plaintiffs Against All Defendants**

[130-132.]  Paragraphs 130 through 132 of the Complaint relate specifically to claims that were dismissed by the Court in its Order of November 13, 2020. Accordingly, no response is required.

**COUNT VII**
**Tortious Interference with Prospective Business or**
**Economic Advantage Asserted Under Common Law**
**Asserted by All Plaintiffs Against All Defendants**

133.  In response to Paragraph 133 of the Complaint, Entity Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

134.  Entity Defendants deny the allegations in Paragraph 134 of the Complaint.

135.  Entity Defendants deny the allegations in Paragraph 135 of the Complaint.

136.  Entity Defendants deny the allegations in Paragraph 136 of the Complaint.

137.  Entity Defendants deny the allegations in Paragraph 137 of the Complaint.

138. Entity Defendants deny the allegations in Paragraph 138 of the Complaint.

## COUNT VIII
## Unjust Enrichment Asserted Under the Common Law
## Asserted by All Plaintiffs Against All Defendants

139. In response to Paragraph 139 of the Complaint, Entity Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

140. Entity Defendants deny the allegations in Paragraph 140 of the Complaint.

141. Entity Defendants deny the allegations in Paragraph 141 of the Complaint.

142. Entity Defendants deny the allegations in Paragraph 142 of the Complaint.

## COUNT IX
## Civil Conspiracy Asserted Under the Common Law
## Asserted by All Plaintiffs Against All Defendants

143. In response to Paragraph 143 of the Complaint, Entity Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

144. Entity Defendants deny the allegations in Paragraph 144 of the Complaint.

145. Entity Defendants deny the allegations in Paragraph 145 of the Complaint.

146. Entity Defendants deny the allegations in Paragraph 146 of the Complaint.

147. Entity Defendants deny the allegations in Paragraph 147 of the Complaint.

148. Entity Defendants deny the allegations in Paragraph 148 of the Complaint.

149. Entity Defendants deny the allegations in Paragraph 149 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Entity Defendants further plead the following separate and additional defenses. Entity Defendants' assertion of the following defenses does not shift the burden of proof, and Entity Defendants do not in any way agree or concede that they have the burden of proof or persuasion as to any of these issues. Entity Defendants

reserve the right to assert such additional affirmative defenses as discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and prayer for relief are barred, in part, by the Court's Order of November 13, 2020.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for copyright infringement are barred, in whole or in part, because Defendants Thielen and Mahler independently created the stage musical *October Sky*.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for copyright infringement and prayer for relief are barred, in whole or in part, by Plaintiffs' failure to comply with 17 U.S.C. §§ 411 and/or 412.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for copyright infringement fail, in whole or in part, because any alleged copying is *de minimis* and is not actionable.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs can establish any liability for copyright infringement, any such infringement by Entity Defendants was innocent.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for unjust enrichment is barred, in whole or in part, by federal copyright preemption doctrines, including preemption under 17 U.S.C. § 301.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and prayer for relief are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Entity Defendants did not act with the requisite degree of knowledge, intent, or fault.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct of Entity Defendants at all times was in good faith, was justified by legitimate business purpose, and lacked any willful, deliberate, or wrongful intent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and prayer for relief are barred, in whole or in part, because Plaintiffs have not sustained any damages as a result of any act or omission by Entity Defendants or purportedly chargeable to Entity Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and prayer for relief are barred, in whole or in part, because Plaintiffs' damages, if any, are vague, uncertain, imaginary or speculative.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any loss, injury, or damage occurred as Plaintiffs allege, which Entity Defendants deny, such loss, injury, or damage was proximately caused and contributed to by persons other than Entity Defendants. Such other causation was an intervening and superseding cause of the purported loss, injury, of damage of which Plaintiffs complain.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' requests for damages or other monetary recovery are barred, in whole or in part, because any such recover would unjustly enrich Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Without in any way admitting that Entity Defendants' conduct was unlawful or wrongful or that Plaintiffs were in any way damaged by any conduct of Entity Defendants, Plaintiffs are barred from recovery because of Plaintiffs' failure to mitigate or eliminate its damages, if any, and any recovery by Plaintiffs in this action should be reduced or denied accordingly.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive or exemplary damages to Plaintiffs would violate the constitutional rights of Entity Defendants under the United States and Illinois Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the Illinois Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury alleged herein; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue herein, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue herein is not sufficiently reprehensible to warrant the imposition of punitive or exemplary damages; and (4) the criteria for the imposition of punitive or exemplary damages herein are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

## ADDITIONAL DEFENSES RESERVED

Entity Defendants reserve their rights to assert any additional affirmative defenses that may come to their attention during their ongoing investigation and discovery into the matters alleged in this Complaint.

WHEREFORE, Entity Defendants respectfully request that the Court enter judgment for Entity Defendants:

    A.    Dismissing the Complaint in its entirety with prejudice;

    B.    Awarding Entity Defendants their reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 17 U.S.C. § 505; and

    C.    Awarding Entity Defendants such other and further relief as the Court deems just and proper.

Dated: December 21, 2020        Respectfully submitted,

By: */s/ Andrew H. Bart*
    Andrew H. Bart (admitted *pro hac vice*)
    JENNER & BLOCK LLP
    919 Third Avenue
    New York, NY 10022
    (212) 891-1645
    abart@jenner.com

    Andrew J. Thomas (admitted *pro hac vice*)
    JENNER & BLOCK LLP
    533 W. 5th St., Ste. 3600
    Los Angeles, CA 90071
    (213) 239-5155
    ajthomas@jenner.com

    Ashley M. Schumacher
    JENNER & BLOCK LLP
    353 N. Clark Street
    Chicago, IL 60654-3456
    (312) 222-9350
    aschumacher@jenner.com

    *Attorneys for Defendants Marriott International, Inc., Marriott Hotel Services, Inc., DTRS Lincolnshire, LLC, Strategic Hotels & Resorts LLC, Michael Mahler, Aaron Thielen, and Terry James*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record in this case, hereby certifies that on December 21, 2020, a true and correct copy of the foregoing **Defendants Marriott International, Inc., DTRS Lincolnshire, LLC, and Strategic Hotels & Resorts, LLC's Answer and Affirmative Defenses to Amended Complaint** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Respectfully submitted,

Dated: December 21, 2020

By: */s/ Ashley M. Schumacher*
Ashley M. Schumacher
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
aschumacher@jenner.com

*Attorney for Defendants Marriott International, Inc., Marriott Hotel Services, Inc., DTRS Lincolnshire, LLC, Strategic Hotels & Resorts LLC, Michael Mahler, Aaron Thielen, and Terry James*